```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| MARIELA GUEVARA | : |
|  | : |
| v. | :  Civil Action No. DKC 25-2246 |
|  | : |
| BONAVENTURE TCHAKOUNTE, et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to remand filed by Plaintiff Mariela Guevara, contending that all defendants failed to consent to removal in a timely fashion. (ECF No. 8). Both an opposition and reply have been filed. (ECF Nos. 12, 13). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be granted.

Rasier, LLC, one of the defendants, removed this action from the Circuit Court for Prince George's County, on July 11, 2025. While the Notice acknowledged the presence of a second defendant, Bonaventure Tchakounte, it was silent as to his consent to removal or the status of service on him. (ECF No. 1). On July 28, 2025, Rasier filed an amended statement in response to the court's standing order on removal, reciting that, at the time it filed the notice of removal, the co-defendant had not answered the complaint in state court, nor had counsel entered an appearance. Since then,

counsel was retained and, on July 24, 2025, the co-defendant consented to removal.

Plaintiff's motion recites that Bonaventure Tchakounte was served on June 12, 2025, the day before Rasier, LLC was served. Thus, his thirty day time to remove expired no later than July 14, 2025. The question is whether the belated consent, on July 24, or 28, suffices. It does not. In a very similar situation, Judge Boardman remanded a case and explained in detail why remand was necessary. She began with an overview of the process:

> Generally, to remove a civil action based on a federal court's original jurisdiction over the matter, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendants must consent to removal within 30 days of service, unless they are joining a timely notice of removal filed by a later-served defendant. See id. § 1446(b)(2)(B)-(C). The defendants who remove the case "bear the burden of establishing compliance with the requirements of the removal statute, including the requirements of the joinder or timely consent of all defendants." *Westwood v. Fronk*, 177 F.Supp.2d 536, 542 (N.D. W. Va. 2001); *see also Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc.*, 995 F.Supp.2d 492, 495 (D.S.C. 2014) ("[W]here a defendant does not consent to removal, the party seeking removal has the burden of proving that an exception to the rule of unanimity applies."). There are exceptions to the rule of unanimity that permit fewer than all defendants to consent to removal. *See Palmetto*, 995 F.Supp.2d at 495. "A defendant need not join in or consent to

2

> removal if: '(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the nonjoining defendants.'" *Id.* (quoting *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 n.4 (E.D. Va. 1992)).

*Karic v. Schneider Nat'l Bulk Carriers, Inc.*, No. 24-cv-1327-DLB, 2024 WL 4753366, at *2 (D.Md. Nov. 12, 2024).

Importantly, she recognized that "[t]he statute also permits an earlier-served defendant to join a later-served defendant's notice of removal. *See* 28 U.S.C. § 1446(b)(2)(C); *see also Moore v. Svehlak*, No. 12-cv-2727-ELH, 2013 WL 3683838, at *15–16 (D.Md. July 11, 2013)." *Id.* at *2 (citation modified).

The question is when does that consent have to be manifested. The answer is at the time of removal or within thirty days of service on consenting defendant, whichever is first:

> Here, the defendants who were properly joined and served did not all join in or consent to removal within 30 days of service. Schneider and Brand timely removed this case on May 7, 2024. Budget, served on April 29, 2024, timely consented to removal on May 20, 2024. But Nationwide, also served on April 29, 2024, did not consent to removal until June 7, 2024—39 days after service. And Progressive did not consent until June 17, 2024—49 days after service. Because Nationwide and Progressive did not join in or consent to removal within 30 days of service, Schneider and Brand did

>   not comply with the removal statute's requirements.

*Id*. at *3. This result is directed by the statute, as Judge Boardman explained:

>   But the removal statute does not just require unanimous consent at some point; the statute sets a clear deadline for each defendant to voice its consent. See 28 U.S.C. § 1446(b)(2)(B). Failure to obtain unanimous consent "is not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expired." *Johnson v. Nutrex Rsch.*, 429 F.Supp.2d 723, 728 (D.Md. 2006). "Excusing" untimely removal is "inconsistent with the various thirty-day deadlines included in the statute and the Fourth Circuit's long-standing practice of requiring consent within thirty days of the relevant trigger event." *Gates at Williams-Brice Condo. Ass'n v. Quality Built, LLC*, No. 3:16-cv-02022-CMC, 2016 WL 4646258, at *8 (D.S.C. Sept. 7, 2016) (citing *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992)). Schneider and Brand cite no authority to support their argument that belated consent cured or mooted the procedural error.

*Id*. at *3 (footnote omitted).

Judge Boardman also explained why Defendant's purported excuse that, at the time it removed the action, it did not know the other defendant had been served, made no difference:

>   In fact, other district courts within the Fourth Circuit have rejected similar arguments. See *Palmetto*, 995 F.Supp.2d at 495 (explaining that, while an unserved defendant does not have to consent to removal, "lack of

4

>           knowledge [of the status of service on a co-
>           defendant] cannot satisfy the service of
>           process exception to the rule of unanimity");
>           see also, e.g., *Pulte Home Co. v. LS Framing,
>           Inc.*, No. 3:23-CV-00177-KDB-DCK, 2023 WL
>           4745110, at *2 (W.D.N.C. July 25, 2023)
>           ("[T]he Fourth Circuit has not recognized a
>           removing parties [sic] lack of constructive
>           notice as a valid exception to the rule of
>           unanimity"). Schneider and Brand's apparent
>           unawareness that Progressive and Nationwide
>           were served on April 29, 2024 does not excuse
>           their failure to timely obtain consent to
>           removal from them.

*Id.*, 2024 WL 4753366, at *4.

There is no room for doubt here. The removing defendant failed to meet the requirements for removal by failing timely to secure and evidence the consent of the other defendant. This case must be remanded. A separate order will be entered.

                                          /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge

5